James Beard
California State Bar Member No. 267242
MERCHANT & GOULD L.L.P.**
8383 Wilshire Blvd., Suite 935
Beverly Hills, CA 90211
Email: jbeard@merchantgould.com
Telephone: (612) 332-5300

Jonathan Berschadsky*
MERCHANT & GOULD P.C.
500 Fifth Ave., Suite 4100
New York, NY 10110
Email: jberschadsky@merchantgould.com
Telephone: (212) 223-6520

Michael Erbele*
Taylor Stemler*
MERCHANT & GOULD P.C.
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Emails: merbele@merchantgould.com
tstemler@merchantgould.com
Telephone: (612) 332-5300

***Attorneys for Plaintiffs Michael Dwork and VerTerra Ltd.***

* *To be admitted pro hac vice*
***Merchant & Gould is operating as an L.L.P. in California*

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| VERTERRA, LTD. and<br>MICHAEL DWORK, an Individual<br><br>Plaintiffs,<br><br>v.<br><br>LEAFWARE LLC,<br>Defendant. | Civil Action No.:_________<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

**<u>COMPLAINT FOR PATENT INFRINGEMENT</u>**

Plaintiffs VerTerra, Ltd. and Michael D. Dwork, through their undersigned attorneys, for their Complaint against Defendant Leafware LLC, allege as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the patent infringement claim asserted in this Complaint under 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

2. Because Plaintiffs and Defendant are citizens of different states and the matter in controversy exceeds $75,000 exclusive of fees and costs, this Court also has diversity jurisdiction over the parties under 28 U.S.C. § 1332.

3. This Court has general and specific personal jurisdiction over Defendant Leafware because Defendant has its principal place of business in the State of California and regularly transacts business in the State of California and in this District. In addition, Defendant's infringing acts have occurred, at least, in California.

4. Venue for the patent infringement claim is proper in this District under 28 U.S.C. §1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

## NATURE OF THE ACTION

5. This is an action for patent infringement under 35 U.S.C. § 271 *et. seq.*, by VerTerra Ltd. ("VerTerra") and Michael Dwork ("Mr. Dwork") (collectively "Plaintiffs") against Defendant Leafware LLC ("Defendant" or "Leafware") for infringement of U.S. Patent No. D837,606 ("the '606 Patent"), and U.S. Patent No. D836,988 ("the '988 Patent") (collectively, "the Patents-in-Suit").

## THE PARTIES

6. Plaintiff Michael Dwork is a natural person residing in the state of New York. Mr. Dwork is the inventor and owner of the Patents-in-Suit. Mr. Dwork is the Chief Executive Officer of VerTerra.

7. VerTerra Ltd. is a Delaware corporation with its principal place of business at 90A Washington Street, Norwalk, CT 06854. VerTerra holds an exclusive license to the Patents-in-Suit. VerTerra commercializes the intellectual property owned by Mr. Dwork, including the Patents-in-Suit.

8. On information and belief, Leafware LLC is a California limited liability company with its principal place of business at 200 Gateway Drive, Lincoln CA, 95648.

9. Leafware has designated a registered agent for service, Suresh Vukkisila, located at 700 Business Park Dr. Lincoln, CA 95648.

## VERTERRA'S BUSINESS, BRAND, AND TECHNOLOGY

10. Since 2006, VerTerra has designed and sold unique eco-friendly disposable dinnerware, marrying design, functionality, and sustainability. VerTerra seeks to be a stylishly sustainable alternative to disposable paper and plastic plates. Examples of some of VerTerra's dinnerware products are shown below:





11. VerTerra is an industry leader in designing, developing, marketing, and selling eco-friendly disposable dinnerware in the United States and around the world. VerTerra's clean and stylish design has been recognized by the Smithsonian and awarded numerous times by the Natural Products Association, The NY Restaurant Association, and the International Hotel Motel Association.

12. Over the years, VerTerra has spent significant time and resources researching, designing, and developing new and innovative technology and products.

13. For example, VerTerra is the creator of the palm leaf plate, which are plates made from fallen palm leaves. VerTerra has also developed techniques to form dinnerware from other sustainable materials such as leftover wood and rice paper.

14. VerTerra's many innovations have been recognized through the grants of multiple patents by the United States Patent and Trademark Office and other patent offices around the

world. VerTerra has also cultivated a brand, second to none in the disposable dinnerware industry, which is known for making innovative, high-quality, sustainable products.

15. VerTerra takes great care to protect and carefully manage its intellectual property portfolio, including its patents, copyrights, trademarks, trade secrets, and confidential information, as they are valuable assets of the company.

**VERTERRA'S PATENTS-IN-SUIT**

16. On January 8, 2019, United States Patent No. D837,606 titled "PALM LEAF DINNERWARE PLATE" was duly and legally issued from United States Patent Application No. 29/632,796, filed on January 10, 2018. Attached hereto as Exhibit A is a true and correct copy of the '606 Patent. Plaintiff Michael Dwork owns the '606 Patent, and has owned the '606 Patent for all relevant times. Plaintiff VerTerra holds an exclusive license to the '606 Patent and has held an exclusive license to the '606 Patent for all relevant times, including the right to sue for and collect past, present and future damages for all the time periods during which it has been the exclusive licensee of the '606 Patent. Plaintiff Michael Dwork holds the right to sue for and collect past, present and future damages for any and all time periods during which VerTerra has not been the exclusive licensee of the '606 Patent.

17. The '606 Patent relates to palm leaf dinnerware plates. (*See* Exhibit A at 1, Claim.) The Claim of the '606 Patent claims a palm leaf dinnerware plate with the following design:

(*See* Exhibit A, FIG 1.)

18. On January 1, 2019, United States Patent No. D836,988 titled "BOWL" was duly and legally issued from United States Patent Application No. 29/622,381, filed on October 17, 2017. Attached hereto as Exhibit B is a true and correct copy of the '988 Patent. Plaintiff Michael Dwork owns the '988 Patent, and has owned the '988 Patent for all relevant times. Plaintiff VerTerra holds an exclusive license to the '988 Patent and has held an exclusive license to the '988 Patent for all relevant times, including the right to sue for and collect past, present and future damages for all the time periods during which it has been the exclusive licensee of the '988 Patent. Plaintiff Michael Dwork holds the right to sue for and collect past, present and future damages for any and all time periods during which VerTerra has not been the exclusive licensee of the '988 Patent.

19. The '988 Patent relates to bowls. (*See* Exhibit B at 1, Claim.) The Claim of the '988 Patent claims a bowl with the following design:



(*See* Exhibit B, FIG 1.)

**DEFENDANT'S INFRINGING PRODUCTS**

20. Defendant Leafware claims to produce "disposable, environment-friendly dinnerware and dining accessories designed for contemporary use." *See Who We Are*, Leafware https://leafware.com/pages/who-we-are (last visited Dec. 5, 2022) (attached hereto as Exhibit C). According to its website, Leafware imports its products into the United States from factories in South Asia. *See id.*; *FAQ*, Leafware, https://leafware.com/pages/faq (last visited Dec. 5, 2022) (attached hereto as Exhibit D). Leafware competes directly with VerTerra in the disposable dinnerware space.

***The Infringing "Square Compartment Leaf Plate"***

21. Leafware manufactures and sells the "Square Compartment Leaf Plate," as pictured below:



(Exhibit E at 11.)

22. VerTerra's '606 Patent claims a palm leaf dinnerware plate, as depicted by the following design:



23. The design of the "Square Compartment Leaf Plate" is substantially the same as the design claimed in the '606 Patent when viewed by an ordinary observer.

***The Infringing "2 Compartment Leaf Plates"***

24. Leafware manufactures and sells the "2 Compartment Leaf Plate," as pictured below:

(Exhibit E at 11.)

25. VerTerra's '988 Patent claims a bowl, as depicted by the following design:



26. The design of the "2 Compartment Leaf Plate" is substantially the same as the design claimed in the '988 Patent when viewed by an ordinary observer.

**DEFENDANT'S KNOWLEDGE OF ITS INFRINGEMENT**

27. Leafware has had actual knowledge of its infringement of the Patents-in-Suit since at least March 12, 2021, when VerTerra sent Leafware a cease-and-desist letter, along with a copy of the '606 Patent and '988 Patent, requesting that Leafware cease its infringement of the Patents-in-Suit. (*See* Exhibit F.) On information and belief, Leafware has known of the existence of the Patents-in-Suit prior to March 12, 2021.

28. Plaintiffs have complied with any applicable requirements of the patent marking statute pertaining to the Patents-in-Suit.

**COUNT I**

**INFRINGEMENT OF UNITED STATES PATENT NO. D837,606**

29. Plaintiffs repeat and reallege the allegations in each of the foregoing paragraphs as if fully set forth herein.

30. Michael Dwork owns the ’606 Patent, including the right to prosecute this action; to enforce the ’606 Patent against infringement; and to collect damages for any and all relevant times during which VerTerra has not been the exclusive licensee of the ’606 Patent.

31. VerTerra holds an exclusive license to the ’606 Patent, including the right to prosecute this action; to enforce the ’606 Patent against infringement; and to collect damages for all relevant times during which it has been the exclusive licensee of the ’606 Patent.

32. The ’606 Patent is generally directed to palm leaf dinnerware plates.

33. Leafware has infringed, and continues to infringe, literally and/or under the doctrine of equivalents, the ’606 Patent by making, using, selling, offering for sale, and/or importing the “Square Compartment Leaf Plate” into the United States.

34. As shown, for example and without limitation, in the attached claim chart, the design of the Square Compartment Leaf Plate is substantially the same as the design claimed in the ’606 Patent when viewed by an ordinary observer. (*See* Exhibit G.)

35. Leafware has had actual knowledge of its infringement of the ’606 Patent since at least March 12, 2021, when VerTerra sent Leafware a cease-and-desist letter, along with a copy of the ’606 Patent, requesting that Leafware cease its infringement of the ’606 Patent. (*See*

Exhibit F.) Since obtaining knowledge of its infringement, Defendant has failed to cease its infringing activities.

36. Leafware has deliberately or intentionally infringed the ’606 Patent. Its infringement of the ’606 Patent has been and continues to be willful making this case exceptional. Leafware’s willful infringement entitles Plaintiffs to treble damages under 35 U.S.C. § 284.

37. Plaintiffs have been damaged by Leafware’s infringement of the ’606 Patent and will continue to be damaged in the future unless Leafware is permanently enjoined from infringing the ’606 Patent and from selling infringing products. Leafware competes directly with VerTerra and Plaintiffs have no adequate remedy at law.

38. VerTerra has lost sales of its competing products due to Leafware’s infringement of the ’606 Patent. Plaintiffs are entitled to receive an accounting for Leafware’s profits under 35 U.S.C. § 289, lost profits suffered by VerTerra, or at least a reasonable royalty under 35 U.S.C. § 284, for its damages caused by Leafware’s infringement.

39. Defendant’s infringement is willful making, at least for this reason, the case exceptional and entitles Plaintiffs to attorneys’ fees and costs under 35 U.S.C. § 285.

## COUNT II

## INFRINGEMENT OF UNITED STATES PATENT NO. D836,988

40. Plaintiffs repeat and reallege the allegations in each of the foregoing paragraphs as if fully set forth herein.

41. Michael Dwork owns all right, title, and interest in and to the ’988 Patent, including the right to prosecute this action; to enforce the ’988 Patent against infringement; and

to collect damages for any and all relevant times during which VerTerra has not been the exclusive licensee of the ’988 Patent

42. VerTerra holds an exclusive license to the ’988 Patent, including the right to prosecute this action; to enforce the ’988 Patent against infringement; and to collect damages for all relevant times during which it has been the exclusive licensee of the ’988 Patent.

43. The ’988 Patent is generally directed to bowls.

44. Leafware has infringed, and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the ’988 Patent by making, using, selling, offering for sale, and/or importing the 2 Compartment Leaf Plates into the United States.

45. As shown, for example and without limitation, in the attached claim chart, the design of the 2 Compartment Leaf Plates is substantially the same as the design claimed in the ’988 Patent when viewed by an ordinary observer. (*See* Exhibit H.)

46. Leafware has had actual knowledge of its infringement of the ’988 Patent since at least March 12, 2021, when VerTerra sent Leafware a cease-and-desist letter, along with a copy of the ’988 Patent, requesting that Leafware cease its infringement of the ’988 Patent. (*See* Exhibit F.) Since obtaining knowledge of its infringement, Defendant has failed to cease its infringing activities.

47. Leafware has deliberately or intentionally infringed the’988 Patent. Its infringement of the ’988 Patent has been and continues to be willful and deliberate making this case exceptional. Leafware’s willful infringement entitles Plaintiffs to treble damages under 35 U.S.C. § 284.

48. Plaintiffs have been damaged by Leafware's infringement of the '988 Patent and will continue to be damaged in the future unless Leafware is permanently enjoined from infringing the '988 Patent and from selling infringing products. Leafware competes directly with VerTerra and Plaintiffs have no adequate remedy at law.

49. VerTerra has lost sales of its competing products due to Leafware's infringement of the '988 Patent. Plaintiffs are entitled to receive an accounting for Leafware's profits under 35 U.S.C. § 289, lost profits suffered by VerTerra, or at least a reasonable royalty under 35 U.S.C. § 284, for its damages caused by Leafware's infringement.

50. Defendant's infringement is willful making, at least for this reason, exceptional and entitles Plaintiffs to attorneys' fees and costs under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

51. Plaintiffs hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

52. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant on the patent infringement claims set forth above and respectfully requests the Court grant the following relief:

a. A judgment that Defendant has infringed United States Patent D837,606, and/or D836,988;

b. An injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others acting under or through them, directly or indirectly, from making, using, importing, selling, and/or offering for sale any product that infringes, directly or indirectly, United States Patent Nos. D837,606, and/or D836,988;

c. A judgment and order requiring Defendant to pay damages to Plaintiffs under 35 U.S.C. § 284, with interest, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

d. An accounting be directed to determine Defendant's profits resulting from Defendant's activities complained of herein, and that such profits be paid to Plaintiffs, increased as the Court finds to be just under the circumstances of this case under 35 U.S.C. § 289;

e. A finding that this case is exceptional under 35 U.S.C. § 285 and a judgment and order directing Defendant to pay the costs of this action (including all disbursements) and attorney fees as provided by 35 U.S.C. § 285, with interest;

f. Defendant be ordered to file with this Court and to serve upon Plaintiffs within 30 days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

g. Such other and further relief as this Court may deem just and equitable.

Date: February 16, 2023

Respectfully submitted,

*s/ James Beard*

James Beard
California State Bar Member No. 267242
MERCHANT & GOULD L.L.P.**
8383 Wilshire Blvd., Suite 935
Beverly Hills, CA 90211
Email: jbeard@merchantgould.com
Telephone: (612) 332-5300

Jonathan Berschadsky*
MERCHANT & GOULD P.C.
500 Fifth Ave., Suite 4100
New York, NY 10110
Email: jberschadsky@merchantgould.com
Telephone: (212) 223-6520

Michael Erbele*
Taylor Stemler*
MERCHANT & GOULD P.C.
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Emails: merbele@merchantgould.com
tstemler@merchantgould.com
Telephone: (612) 332-5300

***Attorneys for Plaintiffs Michael Dwork and VerTerra Ltd.***

** To be admitted pro hac vice*
***Merchant & Gould is operating as an L.L.P. in California*