UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERTERRA, LTD. and MICHAEL DWORK,<br><br>Plaintiffs and Counter-Defendants,<br><br>v.<br><br>LEAFWARE LLC,<br><br>Defendant and Counter-Plaintiff. | Case No. 2:23-cv-0290 DAD-CSK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL<br><br>(ECF Nos. 52, 55) |

Plaintiffs and Counter-Defendants Verterra, Ltd. and Michael Dwork move to compel Defendant and Counter-Plaintiff Leafware LLC to produce various categories of documents and to provide a witness to testify as to Topics 7 and 8 pursuant to Plaintiffs' Federal Rule of Civil Procedure 30(b)(6) deposition notice.[1] (ECF Nos. 52, 55.) On June 4, 2024, the Court held a hearing on Plaintiffs' motion to compel. (ECF No. 69.) At the hearing, the Court ordered Plaintiffs to submit Plaintiffs' original December 2023 Rule 30(b)(6) deposition notice served on Defendant, and the Court ruled on all grounds of Plaintiffs' motion to compel except for the Rule 30(b)(6) issue. (*See* ECF No. 69.) After

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

the hearing, Plaintiffs filed the Rule 30(b)(6) deposition notice. (ECF No. 68.) Upon this filing from Plaintiffs, the Court took Plaintiffs' motion to compel under submission. (*See* ECF No. 69.)

Based on the filings submitted by the parties and argument presented at the hearing, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to compel. The Court's rulings from the motion to compel hearing are incorporated into this order, which focuses on the outstanding Rule 30(b)(6) deposition issue not resolved at the hearing.

\*          \*          \*

At the hearing, the Court denied Plaintiffs' motion to compel as untimely[2] on all grounds except for the following two grounds:[3]  (1) deposing Defendant's witnesses regarding documents Defendant produced late, including some documents Defendant produced after the May 8, 2024 deadline for completion of fact discovery; and (2) the

---

[2]  As discussed at the motion to compel hearing, Plaintiffs' motion to compel on other grounds was held to be untimely because it was filed on May 14, 2024, six days after the May 8, 2024 deadline for completion of fact discovery. (7/27/2023 Scheduling Order at 3, ECF No. 34 (expressly defining "completion" of discovery).) Even if the Court were to use the date Plaintiffs first filed its discovery request on May 8, 2024, which the Court denied for failure to follow Local Rule 251, Plaintiffs' motion to compel was still untimely because it was filed on the deadline for the completion of fact discovery. *See Dhillon v. Princess Cruise Lines, Ltd.*, 2023 WL 5696529, at \*2 (9th Cir. Sept. 5, 2023) (affirming district court's denial of plaintiffs' request for discovery after deadline passed where, among other things, plaintiffs delayed for months in propounding discovery and failed to timely move to compel evidence they believed defendant was withholding) (*citing Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (noting the standards for diligence as well as the district court's "broad discretion in supervising the pretrial phase of litigation")); *see also Watts v. Allstate Indem. Co.*, 2012 WL 5289314, at \*2 (E.D. Cal. Oct. 23, 2012) ("Motions to compel [] discovery had to have been heard 30 days before [the discovery] cutoff in order for discovery to be completed by the cutoff."); *Lacy v. American Biltrite, Inc.*, 2012 WL 909309, at \*8 (S.D. Cal. Mar. 16, 2012) ("The discovery cutoff includes hearings on motions to compel and discovery ordered as a result of a motion to compel."). The Court also relied on its authority to manage its cases, including discovery deadlines.

[3]  This does not include one issue that was not disputed in Plaintiffs' motion to compel: Defendant agreed to produce its 2023 profit and loss statement, and the Court ruled on this issue at the motion to compel hearing. (*See* ECF No. 69.)

2

Rule 30(b)(6) deposition issue, which the Court reserved ruling on to permit Plaintiffs to submit the original deposition notice at issue, which was not submitted with the parties' pre-hearing filings.

The Court now GRANTS Plaintiffs' motion to compel as to their request to compel Rule 30(b)(6) deposition testimony from Defendant on Topics 7 and 8. Plaintiffs initially served their notice to take the Rule 30(b)(6) deposition of Defendant on December 28, 2023. (ECF No. 68.) Plaintiffs provided notice of the requested Rule 30(b)(6) deposition far in advance of the May 8, 2024 deadline for completion of fact discovery (7/27/2023 Scheduling Order at 3), providing more than enough time to complete the required meet and confer process, take the deposition, and raise and resolve any issues with the Court. *See* Fed. R. Civ. P. 30(b)(6) advisory committee's note to 2020 amendment. The fact that the 30(b)(6) depositions were not actually taken until April 18 and 19, 2024, was due in part to Defendant's delay in providing scheduling availability for the individuals it designated. Defendant cannot contribute to the months of delay in taking the 30(b)(6) deposition, and then assert that Plaintiffs' motion to compel testimony on designated topics is untimely.

In Topics 7 and 8, Plaintiffs sought "[f]inancial information related to Leafware's United States sales of the Accused Product," and "Leafware's financial condition and operations over the past four years."[4] (12/28/2023 Pls 30(b)(6) Deposition Notice (ECF No. 68 at 4).) In their motion to compel, Plaintiffs argue that the witness Defendant designated to testify on Topics 7 and 8, Suresh Vukkisila, was not prepared to testify as to either topic, citing multiple examples from Mr. Vukkisila's 30(b)(6) deposition transcript. (*See* Jt Stmt at 17-18 (ECF No. 55).)

Critically, Defendant was not able to identify any portions of Mr. Vukkisila's 30(b)(6) deposition where he demonstrated that he was prepared to testify on these

---

[4] During the hearing, Plaintiffs confirmed that Topics 7 and 8 were not modified in the amended Rule 30(b)(6) deposition notice that was served on Defendant after the parties confirmed scheduling.

3

topics. (*See id*. at 18-19.) Defendant also does not contest that the topics were proper subjects for the 30(b)(6) deposition, and the record demonstrates that Defendant agreed to both Topics 7 and 8, designating individuals who would testify on both topics. (*See id*. at 17.) Instead, Defendant argues that Plaintiffs should not be permitted to obtain this testimony because (1) Plaintiffs' counsel spent time during Vukkisila's 30(b)(6) deposition asking questions outside the noticed topics, (2) Plaintiffs would have the opportunity to question Defendant's expert, and (3) Plaintiffs' supplemental document production shortly before the 30(b)(6) deposition and in May 2024 after the deposition, "stand for themselves." (*Id*. at 18-19.) At the hearing, the Court gave Defendant another opportunity to identify any support in the record to demonstrate that Mr. Vukkisila was prepared to testify as to Topics 7 and 8, and Defendant was unable to do so.

The Court concludes that Plaintiffs have met their burden to establish that their request for 30(b)(6) deposition testimony on Topics 7 and 8 satisfies Rule 26(b)(1)'s relevancy requirement and Rule 30(b)(6)'s particularity requirement, and further concludes that Defendant has not shown that this testimony should be prohibited. *See* Fed. R. Civ. P. 26(b)(1) & 30(b)(6); *Cox v. Cnty. of San Joaquin*, 2022 WL 4664181, at *2 (E.D. Cal. Sept. 30, 2022); *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).

While the entity is not required to designate the individual most knowledgeable to testify as to the Rule 30(b)(6) topics, the entity must designate an individual with knowledge whose testimony will be binding on the entity. *Rodriguez v. Pataki*, 294 F. Supp. 2d 305, 311 (SDNY 2003). The entity "must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Cox*, 2022 WL 4664181 at *2 (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)). Here, Defendant's designated witness was not prepared to testify as to Topics 7 and 8. Defendant has therefore not met its discovery obligation.

The Court orders Defendant to designate a witness with knowledge about Topics

7 and 8 whose testimony will be binding on the entity, and to produce this witness as soon as practical for a deposition strictly limited to Topics 7 and 8. Plaintiffs are cautioned to limit their questioning to Topics 7 and 8.

The Court therefore extends the deadline for completion of fact discovery limited to taking a limited Rule 30(b)(6) deposition of Defendant Leafware on Topics 7 and 8. The parties are encouraged to complete this Rule 30(b)(6) deposition in advance of the July 15, 2024 deadline for rebuttal expert disclosures. If after a documented good faith effort, the parties are not able to complete this deposition on Topics 7 and 8 before rebuttal expert disclosures and if this deposition changes Plaintiffs' expert's analysis or opinions, Plaintiffs will be permitted to narrowly supplement their expert disclosures within seven (7) days of the Rule 30(b)(6) deposition. Any supplementation of Plaintiffs' expert disclosures must be limited to the Rule 30(b)(6) deposition on Topics 7 and 8. The Court cautions that any supplemental expert disclosure under this ruling must clearly demonstrate that there was something newly learned in the limited Rule 30(b)(6) deposition.

## ORDER

Accordingly, the Court ORDERS:

1. Plaintiffs' motion to compel (ECF Nos. 52, 55) is GRANTED IN PART AND DENIED IN PART;
2. On or by June 17, 2024, Defendant must designate a witness with knowledge about Topics 7 and 8 whose testimony will be binding on Defendant;
3. Defendant must produce this witness as soon as practical for a Rule 30(b)(6) deposition strictly limited to Topics 7 and 8; and
4. The deadline for completion of fact discovery is extended for the limited purpose to permit Plaintiffs to take this Rule 30(b)(6) deposition of Defendant limited to Topics 7 and 8.

Dated: June 12, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE